IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

FILED

OCT 2 5

LARRY W. PROPE
COLUMBIA, S.C

| | | |
|---|---|---|
| Mary Vicki Dooley, C. Gregg Wright and Franklin Crouse, on Behalf of Themselves and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No.  0:02-3630-22 |
| | ) | |
| | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES OF DEFENDANT** |
| Plaintiffs, | ) | **SMITHKLINE BEECHAM** |
| | ) | **CORPORATION, d/b/a** |
| vs. | ) | **GLAXOSMITHKLINE TO PLAINTIFFS'** |
| | ) | **CLASS ACTION COMPLAINT** |
| SmithKline Beecham Corporation d/b/a | ) | |
| GlaxoSmithKline, | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline (hereinafter "GSK"), in response to Plaintiffs' Class Action Complaint (hereinafter "Plaintiffs' Complaint"), answers the allegations of Plaintiffs' Complaint and asserts its Affirmative Defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

For its First Defense, GSK responds to the individually-numbered paragraphs of Plaintiffs' Complaint as follows:

## INTRODUCTION

1.  GSK admits that Plaintiffs purport to seek class certification status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief.  GSK denies all remaining allegations in paragraph 1 of Plaintiffs' Complaint.

2. GSK admits that Plaintiffs purport to seek class certification status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK admits that it has manufactured, marketed, distributed, promoted, and advertised Paxil® ("Paxil"). GSK denies all remaining allegations in paragraph 2 of Plaintiffs' Complaint.

## THE PARTIES

3. GSK denies that Paxil caused injuries as alleged in paragraph 3 of Plaintiffs' Complaint. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 3 of Plaintiffs' Complaint.

4. GSK denies that Paxil caused injuries as alleged in paragraph 4 of Plaintiffs' Complaint. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 4 of Plaintiffs' Complaint.

5. GSK denies that Paxil caused injuries as alleged in paragraph 5 of Plaintiffs' Complaint. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 5 of Plaintiffs' Complaint.

6. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 6 of Plaintiffs' Complaint.

7. GSK denies the allegations in paragraph 7 of Plaintiffs' Complaint.

8. GSK denies the allegations in paragraph 8 of Plaintiffs' Complaint.

9. GSK denies the allegations in paragraph 9 of Plaintiffs' Complaint.

10. GSK denies the allegations in paragraph 10 of Plaintiffs' Complaint.

11. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiffs' Complaint .

12. GSK admits that it is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. GSK admits that it manufactured, marketed, distributed, promoted, and advertised Paxil. GSK admits that it is authorized to do business in the State of South Carolina. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 12 of Plaintiffs' Complaint.

## NATURE OF THE CASE

13. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK further admits that it has manufactured, marketed, and distributed Paxil. GSK denies that Paxil caused the injury or damage to Plaintiffs as alleged in paragraph 13 of Plaintiffs' Complaint. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 13 of Plaintiffs' Complaint.

14. GSK denies that Paxil caused injuries or symptoms as alleged in paragraph 14 of Plaintiffs' Complaint. GSK further denies that it is responsible for any injury or damage to Plaintiffs. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 14 of Plaintiffs' Complaint.

15. GSK admits that Paxil was approved as a prescription drug in the United States for the indication of depression on December 29, 1992; that Paxil is an antidepressant; and that Paxil is generally classified as a selective serotonin reuptake inhibitor. GSK is

3

without knowledge or information sufficient to form a belief as to the truth of all remaining allegations of paragraph 15 of Plaintiffs' Complaint.

16. GSK denies that Paxil caused injuries or symptoms as alleged in paragraph 16 of Plaintiffs' Complaint. GSK admits that the labeling for Paxil was approved by the U.S. Food and Drug Administration and that such labeling and advertisements regarding Paxil speak for themselves. GSK denies all remaining allegations in paragraph 16 of Plaintiffs' Complaint.

17. The World Health Organization data referenced in paragraph 17 of Plaintiffs' Complaint speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18. The World Health Organization "definition" referenced in paragraph 18 of Plaintiffs' Complaint speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK denies all remaining allegations in paragraph 19 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

20. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief.

21. GSK admits that it is authorized to do business in the State of South Carolina and that it has manufactured Paxil that has been consumed in the State of South Carolina. GSK further admits that it is subject to the personal jurisdiction of this Court. GSK denies the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Complaint.

23. Paragraph 23 of Plaintiffs' Complaint contains legal conclusions to which no response from GSK is required. To the extent that this paragraph contains factual allegations directed at GSK, they are denied.

## FACTUAL ALLEGATIONS

24. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' Paxil usage in paragraph 24 of Plaintiffs' Complaint. GSK denies that Paxil caused injuries or symptoms as alleged in Plaintiffs' Complaint. GSK denies all remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25. GSK admits that the U.S. Food and Drug Administration approved Paxil labeling and that such labeling is identical in each of the fifty-one jurisdictions. GSK admits that the Paxil labeling has been revised over time. The remaining allegations of paragraph 25 of Plaintiffs' Complaint call for a legal conclusion and therefore are denied.

26. GSK admits that the U.S. Food and Drug Administration approved Paxil labeling and that such labeling has been revised over time. GSK denies all remaining allegations in paragraph 26 of Plaintiffs' Complaint.

27. GSK admits that literature has been published about Paxil. The reports cited in paragraph 27, including sub-paragraphs (a) through (v), of Plaintiffs' Complaint state what they state. Except as so admitted, GSK denies the allegations in paragraph 27, including sub-paragraphs (a) through (v), of Plaintiffs' Complaint.

28. GSK admits that the reports cited in Plaintiffs' Complaint state what they state. Except as so admitted, GSK denies the allegations in paragraph 28 of Plaintiffs' Complaint.

29. GSK admits that the U.S. Food and Drug Administration approved Paxil's labeling. GSK further admits that the Paxil label has been revised over time. GSK denies all remaining allegations in paragraph 29 of Plaintiffs' Complaint.

30. GSK admits that Paxil has a "half life" and that Paxil is generally classified as a selective serotonin reuptake inhibitor. The survey cited in paragraph 30 of Plaintiffs' Complaint states what it states. Except as so admitted, GSK denies the allegations in paragraph 30 of Plaintiffs' Complaint.

31. GSK admits that Paxil has a "half life" and that Paxil is generally classified as a selective serotonin reuptake inhibitor. The study cited in paragraph 31 of Plaintiffs' Complaint states what it states. Except as so admitted, GSK denies the allegations in paragraph 31 of Plaintiffs' Complaint.

32. GSK admits that it has published information about Paxil and that such information speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33. GSK admits that it has published information about Paxil and that such information speaks for itself. GSK further admits that Paxil's labeling speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 33 of Plaintiffs' Complaint.

34. GSK admits that it has published information about Paxil and that such information speaks for itself. GSK further admits that Paxil's labeling speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 34 of Plaintiffs' Complaint.

6

35. GSK admits that Paxil is approved as a prescription drug in the United States. GSK further admits that it has published information about Paxil and that such information speaks for itself. GSK further admits that Paxil's labeling speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36. GSK admits that the report cited in paragraph 36 speaks for itself. Except as so admitted, GSK denies the allegations in paragraph 36 of Plaintiffs' Complaint.

37. GSK denies the allegations in paragraph 37 of Plaintiffs' Complaint.

38. GSK admits that Paxil has a "half life." Except as so admitted, GSK denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39. GSK denies the allegations in paragraph 39 of Plaintiffs' Complaint.

### CLASS REPRESENTATION ALLEGATIONS

40. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief.

41. Paragraph 41 of Plaintiffs' Complaint contains legal conclusions which require no response from GSK. To the extent this paragraph contains factual allegations directed to GSK, GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief; denies that Paxil caused injuries as alleged in paragraph 41 of Plaintiffs' Complaint, including Plaintiffs' purported class definitions and definitions of "withdrawal symptoms"; and denies all remaining allegations in paragraph 41 of Plaintiffs' Complaint.

42. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief.

43. Paragraph 43 of Plaintiffs' Complaint contains legal conclusions which require no response from GSK. To the extent this paragraph contains factual allegations directed to GSK, GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK also denies that Paxil caused injuries as alleged in paragraph 43 of Plaintiffs' Complaint, and denies all remaining allegations in paragraph 43 of Plaintiffs' Complaint.

44. Paragraph 44 of Plaintiffs' Complaint contains legal conclusions which require no response from GSK. To the extent this paragraph contains factual allegations directed to GSK, GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK denies all remaining allegations in paragraph 44 of Plaintiffs' Complaint.

45. Paragraph 45 of Plaintiffs' Complaint contains legal conclusions which require no response from GSK. To the extent this paragraph contains factual allegations directed to GSK, GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief.

46. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK further denies all remaining allegations in paragraph 46, including sub-paragraphs (a) through (w), of Plaintiffs' Complaint.

47. Paragraph 47 of Plaintiffs' Complaint contains legal conclusions which require no response from GSK. To the extent this paragraph contains factual allegations directed to GSK, GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK denies that Paxil caused the injury or symptoms as alleged in paragraph 47 of Plaintiff's Complaint. GSK further denies the remaining allegations in paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 48 of Plaintiffs' Complaint contains legal conclusions which require no response from GSK. To the extent this paragraph contains factual allegations directed to GSK, GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK denies that Paxil caused the injury or symptoms as alleged in paragraph 48 of Plaintiffs' Complaint. GSK further denies the remaining allegations in paragraph 48 of Plaintiffs' Complaint.

## COUNT I

49. In response to paragraph 49 of Plaintiffs' Complaint, GSK incorporates by reference all preceding paragraphs in this answer and each of its affirmative defenses, hereafter numbered one through forty-three, as though fully set forth herein and further responds as follows:

50. GSK admits that the FDA approved the prescribing information for Paxil. GSK denies the remaining allegations in paragraph 50 of Plaintiffs' Complaint.

51. GSK denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52. GSK denies the allegations in paragraph 52 of Plaintiffs' Complaint.

53. GSK denies the allegations in paragraph 53 of Plaintiffs' Complaint.

54. GSK denies the allegations in paragraph 54 of Plaintiffs' Complaint.

## COUNT II

55. In response to paragraph 55 of Plaintiffs' Complaint, GSK incorporates by reference all preceding paragraphs in this answer and each of its affirmative defenses, hereafter numbered one through forty-three, as though fully set forth herein and further responds as follows:

56. GSK denies the allegations in paragraph 56, including sub-paragraphs (a) through (l), of Plaintiffs' Complaint.

57. GSK denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58. GSK denies the allegations in paragraph 58 of Plaintiffs' Complaint.

59. GSK denies the allegations in paragraph 59 of Plaintiffs' Complaint.

60. GSK denies the allegations in paragraph 60 of Plaintiffs' Complaint.

61. GSK denies the allegations in paragraph 61 of Plaintiffs' Complaint.

62. GSK denies the allegations in paragraph 62 of Plaintiffs' Complaint.

63. GSK denies the allegations in paragraph 63 of Plaintiffs' Complaint.

64. GSK denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65. GSK denies the allegations in paragraph 65 of Plaintiffs' Complaint.

66. GSK denies the allegations in paragraph 66 of Plaintiffs' Complaint.

## COUNT III

67. In response to paragraph 67 of Plaintiffs' Complaint, GSK incorporates by reference all preceding paragraphs in this answer and each of its affirmative defenses, hereafter

numbered one through forty-three, as though fully set forth herein and further responds as follows:

68. Paragraph 68 contains legal conclusions to which no response is required from GSK. To the extent this paragraph contains factual allegations directed at GSK, GSK denies the allegations in paragraph 68 of Plaintiffs' Complaint.

69. GSK denies the allegations in paragraph 69 of Plaintiffs' Complaint.

70. GSK denies the allegations in paragraph 70 of Plaintiffs' Complaint.

71. GSK denies the allegations in paragraph 71 of Plaintiffs' Complaint.

## COUNT IV

72. In response to paragraph 72 of Plaintiffs' Complaint, GSK incorporates by reference all preceding paragraphs in this answer and each of its affirmative defenses, hereafter numbered one through forty-three, as though fully set forth herein and further responds as follows:

73. GSK denies the allegations in paragraph 73 of Plaintiffs' Complaint.

74. GSK denies the allegations in paragraph 74 of Plaintiffs' Complaint.

## COUNT V

75. In response to paragraph 75 of Plaintiffs' Complaint, GSK incorporates by reference all preceding paragraphs in this answer and each of its affirmative defenses, hereafter numbered one through forty-three, as though fully set forth herein and further responds as follows:

76. GSK denies the allegations in paragraph 76 of Plaintiffs' Complaint.

77. GSK denies the allegations in paragraph 77 of Plaintiffs' Complaint.

78. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of Plaintiffs' Complaint.

79. GSK denies the allegations in paragraph 79 of Plaintiffs' Complaint.

80. GSK denies the allegations in paragraph 80 of Plaintiffs' Complaint.

81. GSK denies the allegations in paragraph 81 of Plaintiffs' Complaint.

82. GSK denies the allegations in paragraph 82 of Plaintiffs' Complaint.

## COUNT VI

83. In response to paragraph 83 of Plaintiffs' Complaint, GSK incorporates by reference all preceding paragraphs in this answer and each of its affirmative defenses, hereafter numbered one through forty-three, as though fully set forth herein and further responds as follows:

84. GSK denies it violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 through 39-5-160 ("SCUTPA"). GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 84 of Plaintiffs' Complaint.

85. GSK admits that it manufactures, promotes, distributes, markets, and advertises, Paxil. GSK further admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief. GSK denies the remaining allegations in paragraph 85 of Plaintiffs' Complaint.

86. GSK denies the allegations in paragraph 86 of Plaintiffs' Complaint.

87. GSK denies the allegations in paragraph 87, including sub-paragraphs (a) through (c), of Plaintiffs' Complaint.

88. GSK denies the allegations in paragraph 88 of Plaintiffs' Complaint.

89. GSK denies the allegations in paragraph 89 of Plaintiffs' Complaint.

## DEMAND FOR JURY TRIAL

90. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief.  GSK further admits that Plaintiffs have demanded a trial by jury, but denies that any triable issue exists between it and plaintiffs or any unnamed persons they purport to represent.

## ANSWERING PLAINTIFFS' PRAYER FOR RELIEF

91. GSK denies that Plaintiffs are entitled to any of the relief they seek in the "Prayer" following paragraph 89 and the Demand for Jury Trial section of their Complaint and denies all remaining allegations contained in that "Prayer."

92. GSK admits that Plaintiffs purport to seek class action status but denies that Plaintiffs or any unnamed persons they purport to represent are entitled to such status or to any relief, as requested in sub-paragraph 1 of the "Prayer" section of Plaintiffs' Complaint.

93. GSK denies that Plaintiffs are entitled to the relief sought in sub-paragraph 2 of the "Prayer" section of Plaintiffs' Complaint.

94. GSK denies that Plaintiffs are entitled to the relief sought in sub-paragraph 3 of the "Prayer" section of Plaintiffs' Complaint.

95. GSK denies that Plaintiffs are entitled to the relief sought in sub-paragraph 4 of the "Prayer" section of Plaintiffs' Complaint.

96. GSK denies that any triable issues exist between it and Plaintiffs or any unnamed persons they purport to represent, but in the event the Court determines otherwise,

13

GSK admits that Plaintiffs have demanded a trial by jury in sub-paragraph 5 of the "Prayer" section of Plaintiffs' Complaint.

## SECOND AFFIRMATIVE DEFENSE

97.    Plaintiffs' claims may not be properly certified or maintained as a class action under any provision of law.

## THIRD AFFIRMATIVE DEFENSE

98.    Plaintiffs' claims are preempted or barred, in whole or in part, by the Federal Food, Drug and Cosmetic Act as amended, including but not limited to the doctrine of primary jurisdiction because the Food and Drug Administration of the United States Department of Health and Human Services has primary jurisdiction over the issues raised in Plaintiffs' Complaint and exclusive regulatory control of products such as the product at issue here.  The granting of the relief prayed for in Plaintiffs' Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of the United States Constitution and the Court should either dismiss these claims for relief or defer consideration of them to the Food and Drug Administration.

## FOURTH AFFIRMATIVE DEFENSE

99.    Plaintiffs' Complaint fails to state a claim against GSK because there is no private right of action under the Federal Food, Drug and Cosmetic Act as amended.

14

## FIFTH AFFIRMATIVE DEFENSE

100.   To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

## SIXTH AFFIRMATIVE DEFENSE

101.   Plaintiffs' claims relating to alleged communications between GSK and regulatory agencies of the United States government or any other government are barred in whole or in part by operation of applicable law, including the First Amendment rights of GSK to petition the government.

## SEVENTH AFFIRMATIVE DEFENSE

102.   Plaintiffs' claims are barred in whole or in part because the commercial speech of GSK relating to Paxil is not false or misleading and is protected under the First Amendment of the United States Constitution and under the South Carolina Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

103.   Plaintiffs' claims are barred because GSK complied with applicable statutes and with the requirements and regulations of the Food and Drug Administration.

## NINTH AFFIRMATIVE DEFENSE

104.   Each of the purported claims in Plaintiffs' Complaint may be barred by the applicable statute of limitations or repose.

## TENTH AFFIRMATIVE DEFENSE

105.   Plaintiffs' claims are barred by the learned intermediary doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

106.    Plaintiffs' purported claim for fraud and fraudulent misrepresentation must be dismissed because Plaintiffs failed to plead that claim with the requisite particularity.

## TWELFTH AFFIRMATIVE DEFENSE

107.    Plaintiffs unreasonable and inexcusably delayed the commencement and service of the above-entitled action to the prejudice of GSK and said action, therefore, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

108.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

109.    Plaintiffs failed to give notice of any alleged breach of warranty, whether express or implied.

## FIFTEENTH AFFIRMATIVE DEFENSE

110.    GSK states that any and all warranties that may form a basis for Plaintiffs' claims for relief against GSK were adequately disclaimed or excluded by GSK.

## SIXTEENTH AFFIRMATIVE DEFENSE

111.    At all times material thereto, GSK's conduct conformed to the state-of-the-art.

## SEVENTEENTH AFFIRMATIVE DEFENSE

112.    GSK pleads the application of Comment k to the Restatement of Torts (Second) Section 402A and Restatement (Third) of Torts:  Products Liability Section 6.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

113.   GSK pleads applicability of the South Carolina Product Liability Act, S.C. Code Ann.   §§ 15-73-10 through 15-73-30, and all defenses available thereunder.

## NINETEENTH AFFIRMATIVE DEFENSE

114.   GSK pleads applicability of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 through 39-5-160, and all defenses available thereunder.

## TWENTIETH AFFIRMATIVE DEFENSE

115.   Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instruction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

116.   Plaintiffs knowingly and voluntarily assumed any and all risks with the use of the product at issue in this case and such assumption of the risk bars in whole or in part the damages Plaintiffs seek to recover herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

117.   Plaintiffs' alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to Paxil.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

118.   Plaintiffs' alleged injuries or damages, if any, may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of GSK or any defect attributable to its product.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

119.    If Plaintiffs sustained injuries attributable to the use of the product at issue in this case, which allegations are expressly denied, the injuries were solely caused by and attributable to the unintended, unreasonable, and improper use or misuse which was made of said product.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

120.    Plaintiffs may have failed to exercise ordinary care or reasonable care. If so, Plaintiffs' Complaint should be dismissed or their damages reduced under the doctrine of contributory negligence and/or comparative fault.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

121.    GSK states that the sole proximate cause of the injuries alleged in Plaintiffs' Complaint was the acts, omissions or negligence of a person, entity, persons, or entities, other than GSK, for whose actions, omissions or negligence GSK is in no way liable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

122.    GSK states that if Plaintiffs sustained any injuries or damages, which fact is specifically denied, and it is determined that said injuries or damages were caused, in whole or in part, by the acts, omissions, negligence, or fault of other persons or entities for whom GSK is not responsible, and such acts, omissions, negligence, or fault does not act as a complete bar to Plaintiffs' claims against GSK, then GSK is entitled to an apportionment of all such causal fault and a reduction of any award against it.

18

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

123. The damages and injuries allegedly sustained by Plaintiffs, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

124. Plaintiffs' damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRTIETH AFFIRMATIVE DEFENSE

125. Plaintiffs' damages are barred or reduced by the doctrine of avoidable consequences.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

126. Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

127. Plaintiffs' and any putative class members' claims are barred, in whole or in part, by the economic loss rule.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

128. GSK states that Plaintiffs' and any putative class members' damages, if any, have been mitigated, in whole or in part, by reimbursement from collateral sources.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

129.   While denying that Plaintiffs and any putative members are entitled to any relief whatsoever, GSK states that Plaintiffs and any putative class members' claims for equitable relief are barred because they have an adequate remedy at law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

130.   To the extent that Plaintiffs claim damages for pain and suffering, such claims are barred because they violate GSK's right to due process and equal protection.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

131.   The imposition of punitive damages would violate GSK's equal protection and due process rights.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

132.   With respect to Plaintiffs' demand for punitive damages, GSK specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), and Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

133.   Plaintiffs are not entitled to collect an award of punitive damages from GSK because an award of such damages could violate the excessive fines clauses of the United States Constitution.

20

### THIRTY-NINTH AFFIRMATIVE DEFENSE

134.    Punitive damages may not be awarded because they are a punishment, quasi-criminal sanction for which GSK has not be afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution.

### FORTIETH AFFIRMATIVE DEFENSE

135.    GSK is not indebted or liable to Plaintiffs in any manner or amount whatsoever.

### FORTY-FIRST AFFIRMATIVE DEFENSE

136.    To the extent not otherwise expressly and specifically admitted in this answer, GSK denies each and every allegation of the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

137.    GSK hereby gives notice that it intends to rely upon such other defenses as may becomes available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, GSK prays that:

(1) Plaintiffs take nothing by reason of Plaintiffs' Complaint;

(2) Plaintiffs' Complaint against GSK be dismissed with prejudice in its entirety;

(3) GSK recovers costs; and

(4) This Court award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

This Defendant demands a jury trial.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: _____
    Stephen G. Morrison
    Federal Bar No. 3583
    James T. Irvin, III
    Federal Bar No. 6252
    Keenan Building, Third Floor
    1330 Lady Street
    Post Office Box 11070 (29211)
    Columbia, SC 29201
    (803) 799-2000

Attorneys for SmithKline Beecham d/b/a GlaxoSmithKline

Columbia, South Carolina
_____10/25_____, 2002

22